IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

STANLEY ALAN ADAMS,

        Plaintiff

VS.

SOUTHERN HEALTH
PARTNERS, INC.;
Dr. MARC CHETTA;
REBECCA WILLIAMS,

        Defendants

NO. 3:10-CV-85 (CDL)

**ORDER & RECOMMENDATION**

Plaintiff **STANLEY ALAN ADAMS**, a prisoner at the Clarke County Jail in Athens, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff has paid the required initial partial filing fee. Plaintiff is obligated to pay the remainder of the filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order and Recommendation to business manager of the Clarke County Jail.

## I. *STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also **Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state

law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff, a 54 year old man who has suffered from diabetes for 47 years, states that he was arrested on April 10, 2009 and "was allowed limited access to the jail commissary food like all diabetics" until December 24, 2009. Plaintiff states that on December 24, 2009, Deputy Jordan[1] informed him that, "per medical," he was no longer allowed to have any food (including sugar-free food that is approved for diabetics) in his possession and Deputy Jordan confiscated all of his food. Plaintiff maintains this caused his diabetes to go "out of control." Plaintiff states that without the food purchased from the commissary, he is unable to control his blood glucose levels.[2]

Plaintiff states that on January 7, 2010, "as a result of [his] store food being confiscated and no other adjustment for this being made, [his] roommate awoke at [approximately 6:00 am] to find [him] unconscious and in convulsions." Plaintiff alleges he was in a state of severe diabetic shock

---

[1] Plaintiff has not named Deputy Jordan as a Defendant in this action.

[2] Plaintiff claims that he needs food from the commissary because the meals served at the Clarke County Jail do not allow him to control his diabetes. Plaintiff claims the meals have "far too many carbohydrates and not enough protein."

brought on by hypoglycemia. Plaintiff states that it took three hours from emergency medical personnel to revive him. Plaintiff maintains that he has had numerous diabetic shock episodes brought on by hypoglycemia since his food supply was taken away. He reports that emergency medical services were required at least five additional times and that he was transported by ambulance to the emergency room on at least three additional occasions. Plaintiff alleges that "repeated requests to reinstate [his] food have been denied." Plaintiff claims that the Defendants Dr. Marc Chetta and Nurse Rebecca Williams know that he has suffered these dangerous episodes, yet refuse to allow him access to the necessary food to control his diabetes.

Plaintiff also alleges that in May 2009 he developed a blister on his foot. He claims that the blister became infected when Defendants ignored it. Plaintiff states that on May 23, 2009, he "noted an ashen gray discoloration surrounding the wound." According to Plaintiff, he immediately recognized this was "necrotic gangrene" and asked an unnamed deputy to inform medical and request that they examine it. Plaintiff states his repeated requests were ignored until the next afternoon. Plaintiff alleges that by the time Nurse Williams examined at his foot, the "necrotic gangrene" had spread and he had to be transported to the emergency room. Plaintiff states that two of his toes had to be amputated in two separate operations. Plaintiff alleges that this could have been avoided had the Defendants provided the proper care for the blister and/or had they not ignored his requests for medical care after he noticed the infection. Plaintiff also seems to indicate that, as of January 6, 2010, Dr. Marc Chetta ordered that Plaintiff be denied all access to "foot items from the store."

Plaintiff requests damages and that the Court "remov[e] . . . Dr. Marc Chetta . . . and Rebecca Williams RN from their respective positions in Clarke Co[unty] Jail and restriction from future employment therein." With respect to this termination request, the Court notes that it does not have the "authority to . . . fire state employees." *Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir. 1977).[3]

Consequently, it is **RECOMMENDED** that Plaintiff's requests that Defendants Chetta and Williams' employment be terminated and that they be enjoined from working at the Clarke County Jail be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

Additionally, Plaintiff has named Southern Health Partners, Inc. as a Defendant. "[S]ection 1983 'requires proof of an affirmative causal connection between the actions taken by a particular person "under color of state law" and the constitutional deprivation'." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993)(citations omitted). The United States Court of Appeals for the Eleventh Circuit has held that a district court properly dismisses a defendant when a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with the alleged constitutional violation. *Douglas v. Yates***,** 535 F.3d 1316, 1322 (11th

---

[3]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

Cir. 2008) (citing **Pamel Corp. v. P.R. Highway Auth**., 621 F.2d 33, 36 (1st Cir. 1980)).  Thus, in the absence of any connection between Southern Health Partners, Inc. and any alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant.  On that basis alone, Southern Health Partners, Inc. should be dismissed.

Southern Health Partners, Inc. cannot be named as a defendant simply because it is the employer of Defendants Chetta and Williams.  It is clearly established that "[a] defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis."  **Harvey v. Harvey**, 949 F.2d 1127, 1129-30 (11th Cir. 1992).  In the absence of any specific allegations that the corporation itself acted to violate Plaintiff's rights, Southern Health Partners, Inc. cannot be held liable for the action or inaction of its employees in this § 1983 action.

It is therefore **RECOMMENDED** that Southern Health Partners, Inc. be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order and Recommendation.

At this stage in the litigation, the Court cannot find that Plaintiff's claims against Defendants Dr. Marc Chetta and Nurse Rebecca Williams are wholly frivolous. Therefore, these claims shall go forward against these two Defendants.

It is hereby **ORDERED** that service be made against Defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was

accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to each Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following

limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to forward payments from the Prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**ELECTION TO PROCEED BEFORE THE
UNITED STATES MAGISTRATE JUDGE**

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the Defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office

within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED and RECOMMENDED**, this 16th day of December, 2010.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge

lnb